Filed 6/21/22  P. v. Robinson CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B312418 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA107528) |
| v. | |
| JIMMY CHARLES ROBINSON, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, James Otto, Judge.  Affirmed.

Kiran Prasad, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

On May 23, 2018, the Los Angeles County District Attorney filed an information charging defendant Jimmy Robinson with

attempted premeditated murder (Pen. Code[1] §§ 664/187, subd. (a)) and certain sentencing enhancements.

On March 16, 2021, defendant, pursuant to the terms of an oral plea agreement, pleaded no contest to attempted premeditated murder and admitted that he personally used a firearm in the commission of his offense (§ 12022.5). He also admitted that he caused great bodily injury resulting in paralysis or brain damage (§ 12022.7, subd. (b)). Following the plea colloquy, the trial court found that defendant had expressly, knowingly, understandingly, and intelligently waived his constitutional rights and that his plea and admissions were freely and voluntarily made with an understanding of the nature and consequences of the plea. The court also found there was a factual basis for the plea.

On April 8, 2021, the parties appeared for sentencing. Defendant advised the court that he wished to proceed to trial and was "not signing anything." When asked by the trial court whether he wished to withdraw his plea, defendant responded that he did, and explained, "[M]y mother, she is the one ready for me to come home. I'm innocent. I ain't doing nothing." Defense counsel then made an oral motion to withdraw defendant's plea and submitted on the motion. The court agreed with the prosecutor's argument that defendant had "buyer's remorse" and denied the motion.

After hearing a victim impact statement from the victim's uncle, the trial court sentenced defendant, consistent with the terms of the plea agreement, to a high term of seven years to life on the attempted murder charge, with a 10-year enhancement

---

[1] All further statutory references are to the Penal Code.

pursuant to section 12022.5, and a five-year enhancement pursuant to section 12022.7, subdivision (b) for a total aggregate term of 22 years to life. The court also imposed certain fees and assessments. The court then dismissed the remaining sentencing enhancement allegations.

On May 5, 2021, defendant filed a notice of appeal and requested a certificate of probable cause. The trial court denied the request.

We appointed counsel to represent defendant on appeal. On February 22, 2022, counsel filed an opening brief in which counsel did not identify any arguable issues and requested that we follow the procedure set forth in *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). That same date, we advised defendant that appointed appellate counsel had failed to find any arguable issues and he had 30 days within which to independently brief any grounds for appeal, contentions, or arguments that he wished for us to consider. Defendant did not file a supplemental brief.

We have reviewed the record and are satisfied that defendant's appointed appellate counsel has fully complied with counsel's responsibilities and no arguable issues exist. (*Wende, supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.

4